## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY AT PADUCAH

KIMBERLY CURTIS, individually, and as
Personal Representative of the Estate
of CHARLES HAROLD CURTIS, JR.,
Deceased,
JESSICA K. CURTIS, individually, and
SAMUEL C. CURTIS, individually,

           Plaintiffs,

vs.                         **Civil Action No.**  5:10CV-85-R

LEONARD HOHLBEIN, individually, and
LEONARD HOHLBEIN d/b/a as
PARKWAY ANESTHESIA AND PAIN
MANAGEMENT,
PARKWAY ANESTHESIA AND PAIN
MANAGEMENT, and
HOSPITAL OF FULTON, INC., d/b/a
PARKWAY REGIONAL HOSPITAL,
           Defendants.

## COMPLAINT

    Comes now the Plaintiff, Kimberly Curtis, individually, and as Personal Representative of the Estate of Charles Harold Curtis, Jr., Deceased and Jessica K. Curtis, individually, and Samuel C. Curtis, individually, and sue the Defendants, Leonard Hohlbein, individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, Parkway Anesthesia and Pain Management, and Hospital of Fulton, Inc. doing business as Parkway Regional Hospital, and for cause of action would show unto the Court as follows:

1

## JURISDICTION AND VENUE

1.  Plaintiff, Kimberly Curtis, Individually, and as personal representative of the estate of Charles Harold Curtis, Jr., deceased, at all times was a resident and citizen of South Fulton, Obion County Tennessee. This action is brought by Plaintiff, Kimberly Curtis, individually and as personal representative of the estate of Charles Harold Curtis, Jr. Kimberly Curtis has been appointed Personal Representative of the Estate of Charles Harold Curtis, Jr., by the Probate Court of Obion County, Tennessee. (Copy of Order attached as Exhibit A). Kimberly Curtis has also been appointed ancillary executor of the Estate of Charles Harold Curtis, Jr., in Fulton County, Kentucky. (Copy of Order attached as Exhibit B).

2.  Plaintiff Jessica K. Curtis, the daughter of Charles and Kimberly Curtis, at all times was a resident and citizen of South Fulton, Obion County, Tennessee.

3.  Plaintiff Samuel C. Curtis, the son of Charles and Kimberly Curtis, at all times was a resident and citizen of South Fulton, Obion County, Tennessee. Samuel C. Curtis was a minor when his father Charles Harold Curtis, Jr., was injured and died.

4.  At all times material hereto, the Defendant Leonard Hohlbein CRNA was and still is a certified registered nurse anesthetist licensed in the Commonwealth of Kentucky. Upon information and belief, he is a citizen and resident of Fulton, Fulton County, Kentucky and is domiciled in Kentucky and provided care and services to the decedent Charles Harold Curtis, Jr., in Fulton, Fulton County, Kentucky. Upon information and belief Mr. Hohlbein resides at 1008 West Stateline Road, Fulton, Kentucky 42041 and can be served with process at that address.

2

5.    At the time of the matters complained of herein, Defendant Leonard Hohlbein was doing business as Parkway Anesthesia and Pain Management, 2000 Holiday Lane, Fulton, Kentucky, 42041, and providing care and anesthesia services to the public and those seeking services at the Hospital of Fulton, Inc., doing business as Parkway Regional Hospital in the Commonwealth of Kentucky. Upon information and belief, a business license was in effect for Hohlbein doing business as Parkway Anesthesia and Pain Management on May 1, 2009. Whenever Defendant Leonard Hohlbein provided any medical care or services including anesthesia services to or on behalf of Charles Harold Curtis, Jr., he was doing so either individually and/or within the course and scope of his employment and/or agency for and on behalf of Parkway Anesthesia and Pain Management.    Whenever Parkway Anesthesia and Pain Management provided any medical care and services including anesthesia services to or on behalf of Charles Harold Curtis, Jr., Parkway Anesthesia and Pain Management was doing so within the course and scope of a business relationship with and on behalf of Defendant The Hospital of Fulton Inc. doing business as Parkway Regional Hospital. Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management can be reached for service of process at the office of Parkway Anesthesia and Pain Management, 2000 Holiday Lane, Fulton, Kentucky, 42041.

6.    Alternatively, the Plaintiffs name Defendant Parkway Anesthesia and Pain Management as a separate Defendant. The Defendant Parkway Anesthesia and Pain Management, 2000 Holiday Lane, Fulton, Fulton County, Kentucky, 42041, provides care and anesthesia services to the public and those seeking services at the Hospital of Fulton, Inc., doing business as Parkway Regional Hospital in the Commonwealth of

3

Kentucky.  The exact corporate status of Parkway Anesthesia and Pain Management is unknown to the Plaintiffs at this time and was at the time of the events in question. Upon information and belief, Parkway Anesthesia and Pain Management is an unincorporated business entity providing care and anesthesia services to the public at the Hospital of Fulton, Inc., doing business as Parkway Regional Hospital. Upon information and belief Defendant Leonard Hohlbein in addition to being a CRNA is the president or manager of Parkway Anesthesia and Pain Management.  Whenever Parkway Anesthesia and Pain Management provided any medical care and services including anesthesia services to or on behalf of Charles Harold Curtis, Jr., Parkway Anesthesia and Pain Management was doing so within the course and scope of a business relationship with and on behalf of Defendant The Hospital of Fulton Inc. doing business as Parkway Regional Hospital. Defendant Parkway Anesthesia and Pain Management can be reached for service of process at the office of Parkway Anesthesia and Pain Management, 2000 Holiday Lane, Fulton, Kentucky, 42041 through its president or manager, Leonard Hohlbein.

7.  At the time of the matters complained of herein, Defendant Leonard Hohlbein individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management and  Defendant Parkway Anesthesia and Pain Management were serving as employees and/or agents of the Hospital of Fulton, Inc., doing business as Parkway Regional Hospital and acting within the course and scope of their official capacity for and on behalf of Parkway Anesthesia and Pain Management and/or the Hospital of Fulton, Inc., doing business as Parkway Regional Hospital when they provided any care whatsoever for and/on behalf of Charles Harold Curtis, Jr.

8.  The Defendant Hospital of Fulton, Inc., doing business as Parkway Regional Hospital (hereafter "Parkway Regional Hospital") is a hospital institution providing care, medical care and services to the public in Fulton County, Kentucky and was doing so at the time of the matters complained of herein. The Defendant Hospital of Fulton, Inc., doing business as Parkway Regional Hospital, 2000 Holiday Lane, Fulton, Fulton County, Kentucky, 42041, is a Kentucky Corporation. The registered agent for service of process for The Hospital of Fulton is CSC-Lawyers Incorporation Service Company, 421 W. Main Street, Frankfort, Kentucky, 40601. The Hospital of Fulton, Inc., doing business as Parkway Regional Hospital (referred to as "Parkway Regional Hospital" for simplicity") is domiciled in Kentucky.

9.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, based upon diversity of the citizenship of the parties. The Plaintiffs are domiciled in a state different from the Defendants. The amount in controversy, exclusive of interest and costs, exceeds Seventy-five thousand and no/100 ($75,000) dollars.

10. Venue of this action lies in the Western District of Kentucky by virtue of 28 U.S.C. § 1391 (a).

11. This action arises from the personal injuries and wrongful death sustained by Plaintiff's decedent Charles Harold Curtis, Jr. and the Plaintiffs individually caused by the negligence of the Defendants on May 1, 2009 in Fulton County, Kentucky.

## FACTUAL BACKGROUND

12. On May 1, 2009, Plaintiff's decedent 55-year-old Charles Harold Curtis Jr., was admitted to Parkway Regional Hospital in Fulton, Kentucky and scheduled for an out-patient procedure known as a colonoscopy screening.

13. This was Mr. Curtis's first colonoscopy screening. The procedure was performed by Allen Gooch, M.D. on May 1, 2009.

14. After admission, but prior to the colonoscopy, a history of the patient was taken at 7:50 a.m. by Certified Registered Nurse Anesthetist (CRNA) Leonard Hohlbein. Prior to the colonoscopy, Mr. and Mrs. Curtis specifically advised CRNA Leonard Hohlbein that Mr. Curtis had a history of sleep apnea and that Mr. Curtis used a continuous positive airway pressure machine while sleeping. Mr. and Mrs. Curtis also advised CRNA Leonard Hohlbein that at another hospital doctors had been unable to intubate Mr. Curtis and therefore a procedure had to be canceled because Mr. Curtis could not be successfully intubated. Mr. Hohlbein examined the neck of Mr. Curtis and noted it appeared "normal." Mr. Hohlbein advised the couple that he had been anesthetizing patients for "20 plus" years and did not think anesthetizing Mr. Curtis was going to be a problem.

15. CRNA Leonard Hohlbein noted in the record that in a previous surgery medical providers were unable to intubate Mr. Curtis; Mr. Hohlbein noted he "will attempt procedure with minimal sedative." Hohlbein's records indicate he provided sedation intravenously. According to Mr. Hohlbein's notes, he administered a "reduced" amount of Diprivan because of Mr. Curtis's prior history of airway problems and sleep apnea. Records indicate that Mr. Hohlbein worked alone and that he did not consult with anyone regarding Mr. Curtis's care.

16. During the colonoscopy, Mr. Curtis's airway was being managed by nasal cannula. According to the medical records, the procedure began at 8:20 a.m. and by 8:39 a.m. Mr. Curtis began "deteriorating." CRNA Hohlbein reported he was having

6

significant trouble with the airway.   According to the records, the procedure was immediately terminated. CRNA Hohlbein attempted to bag the oral airway at 8:39 a.m. and then the nasal airway. Intubation was attempted but medical providers were unable to intubate.

17.   Mr. Curtis became cyanotic and bradycardic. Atropine was given at 8:54 a.m. and an emergency crycothyroidotomy was performed. Resuscitation efforts and continuous CPR were administered for 45 minutes. Mr. Curtis was pronounced dead at 9:37 a.m., a little more than an hour after his colonoscopy began.

18.   During the colonoscopy screening Dr. Gooch took two biopsies of a polyp from the transverse colon.  Testing determined the biopsies were negative for dysplasia or malignancy.

19.   Charles Harold Curtis, Jr., did not select any of the nurses, technicians or anesthesia personnel who provided assistance to Dr. Gooch during the procedure at Parkway Regional Hospital.

20.   With Mr. Curtis's history of an inability to be intubated and a history of sleep apnea, and the requirement of a machine to maintain his airway when he was asleep, CRNA Hohlbein should have considered and used alternative methods for Mr. Curtis's sedation and Holbein should have found an alternative to maintain Mr. Curtis's airway during the procedure or should not have performed the anesthesia services for the procedure without the involvement of an anesthesiologist as a more highly trained practitioner.

21.    Additionally, Mr. Curtis's sedation should have been supervised by an anesthesiologist particularly given Mr. Curtis's history of trouble being intubated and his history of sleep apnea.

## ACTS OF NEGLIGENCE ALLEGED AGAINST LEONARD HOHLBEIN, CRNA INDIVIDUALLY AND LEONARD HOHLBEIN D/B/A PARKWAY ANESTHESIA AND PAIN MANAGEMENT

22.    At the time of the matters complained of herein, the Defendant Leonard Hohlbein, CRNA, individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, was a principal, agent, and/or employee either actual or apparent, of Defendant Parkway Anesthesia and Pain Management and/or Defendant Parkway Regional Hospital. At all times material hereto whenever the Defendant Leonard Hohlbein, CRNA, individually, or Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, provided any care, medical care or anesthesia services whatsoever to Mr. Curtis on May 1, 2009, Mr. Hohlbein was doing so within the course and scope of his employment or agency for and/or on behalf of Defendant Parkway Anesthesia and Pain Management and/or Defendant Parkway Regional Hospital.

23.    The Defendant Leonard Hohlbein, CRNA, individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, was negligent on May 1, 2009 in failing to provide reasonable medical care, reasonable medical services and anesthesia service to Mr. Curtis. Without limiting this general allegation of negligence, the Defendant Leonard Hohlbein, CRNA, individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, was further negligent in the following ways:

8

a.   negligently did not discuss issues thoroughly, pre-operatively with the Mr. and Mrs. Curtis;

b.   failed to obtain informed consent from Mr. Curtis with regard to anesthesia;

c.   negligently did not provide appropriate and reasonable medical care to Mr. Curtis;

d.   negligently did not observe the recognized standards of acceptable professional practice required and expected of those administering anesthesia;

e.   negligently did not communicate with other health care members regarding Leonard Hohlbein's decision on sedation and airway maintenance;

f.   negligently failed to communicate with other health care members regarding whether Diprivan is contraindicated for a patient with a known history of sleep apnea;

g.   negligently used Diprivan as a sedative for Mr. Curtis;

h.   negligently failed to account for the fact that an airway for Mr. Curtis would need to be maintained by a means other than nasal cannula and/or that Mr. Curtis would need to remain awake during the procedure because of his inability to be intubated and because of his sleep apnea.

i.   negligently mismanaged and/or caused the mismanagement of Mr. Curtis's care;

j.   negligently failed to seek supervision of an anesthesiologist under the circumstances; and negligently worked alone for anesthesia services;

k. negligently did not monitor and properly assess the true physical condition of Mr. Curtis and provide appropriate intervention which led to his death;

l. negligently failed to obtain training to ensure that he could appreciate the risks involved and properly assess and handle a case such as Mr. Curtis's;

m. negligently failed to follow policy and procedure with regard to administration of anesthesia;

n. negligently failed to exercise reasonable and ordinary care under the circumstances; and

o. negligently failed to follow hospital policy and procedure with regard to administration of anesthesia.

24. Leonard Hohlbein, individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, undertook treatment of Charles Harold Curtis, Jr., and owed  Mr. Curtis a duty to exercise appropriate care to provide for Mr. Curtis's well-being. Mr. Hohlbein, individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, breached that duty while Mr. Curtis was under Holbein's care and the breach of this duty was a direct and proximate cause of his death and harm, which would not otherwise have occurred.


### VICARIOUS LIABILITY
### ALLEGED AGAINST LEONARD HOHLBEIN D/B/A PARKWAY ANESTHESIA AND PAIN MANAGEMENT

25. Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management is vicariously liable under the laws of agency and respondeat superior for the acts and omission of its agents, members and/or employees either actual or apparent,

who negligently treated and /or negligently cared for Plaintiff's decedent Charles Harold Curtis, Jr., while he was a patient of Leonard Hohlbein, individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, and Defendant Parkway Regional Hospital. Any negligence of these agents, members and/or employees is imputed by law to Leonard Hohlbein, doing business as Parkway Anesthesia and Pain Management under the principles of actual or apparent agency and/or respondeat superior. Leonard Hohlbein, individually, who provided medical care and treatment and anesthesia services to Mr. Curtis at the time of the matters complained of herein, was an agent, member and/or employee, either actual or apparent, of Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management.

## VICARIOUS LIABILITY AND
## ACTS OF NEGLIGENCE ALLEGED AGAINST PARKWAY ANESTHESIA
## AND PAIN MANAGEMENT

26.     Alternatively, the Plaintiffs make the following allegations against Defendant Parkway Anesthesia and Pain Management if it is a separate entity.

27. The Defendant Parkway Anesthesia and Pain Management is vicariously liable under the laws of agency and respondeat superior for the acts and omission of its agents, members and/or employees either actual or apparent, who negligently treated and /or negligently cared for Plaintiff's decedent Charles Harold Curtis, Jr., while he was a patient of Defendant Parkway Regional Hospital. Any negligence of these agents, members and/or employees is imputed by law to the Defendant Parkway Anesthesia and Pain Management under the principles of actual or apparent agency and/or respondeat superior. Leonard Hohlbein, individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, who provided medical care and treatment

and anesthesia services to Mr. Curtis at the time of the matters complained of herein, was an agent, member and/or employee, either actual or apparent, of the Defendant Parkway Anesthesia and Pain Management.

28. Defendant Parkway Anesthesia and Pain Management was independently negligent on May 1, 2009 in failing to provide reasonable medical care and medical services and anesthesia services to and for Charles Harold Curtis, Jr. In addition to this general allegation of negligence, Defendant Parkway Anesthesia and Pain Management was negligent during the same time in the following ways:

      a.  negligently did not discuss issues thoroughly and pre-operatively with Mr. and Mrs. Curtis;

      b.  failed to obtain informed consent from Mr. Curtis with regard to anesthesia;

      c.  negligently did not provide appropriate and reasonable medical care and anesthesia services to Charles Harold Curtis, Jr.;

      d.  negligently did not observe the recognized standards of acceptable professional practice required and expected of those administering anesthesia or providing anesthesia services;

      e.  negligently did not communicate with other health care members regarding Leonard Hohlbein's decision on sedation and airway maintenance;

      f.  negligently failed to communicate with other health care members regarding whether Diprivan is contraindicated for a patient with a history of sleep apnea;

      g.  negligently used Diprivan for Mr. Curtis;

12

h.   negligently failed to appreciate that an airway for Mr. Curtis would need to be maintained by a means other than nasal cannula and/or that Mr. Curtis would need to remain awake during the procedure because of his inability to be intubated and because of his sleep apnea.

i.   negligently mismanaged and/or caused the mismanagement of Mr. Curtis's care;

j.   negligently failed to provide supervision by an anesthesiologist for Leonard Hohlbein under the circumstances; and negligently allowed Leonard Hohlbein to work alone without supervision;

k.   negligently did not monitor and properly assess the true physical condition of Mr. Curtis and provide appropriate intervention which led to his death;

l.   negligently failed to ensure that Leonard Holbein was properly trained to assess and handle a case such as that of Mr. Curtis;

m.   negligently failed to follow policy and procedure with regard to administration of anesthesia;

n.   negligently failed to exercise reasonable and ordinary care under the circumstances; and

o.   negligently failed to follow hospital policy and procedure with regard to administration of anesthesia.

29. Defendant Parkway Anesthesia and Pain Management undertook treatment of Charles Harold Curtis, Jr., and owed Mr. Curtis a duty to exercise appropriate care to provide for Mr. Curtis's well-being.   Parkway Anesthesia and Pain Management breached that duty while Mr. Curtis was under the care of Parkway Anesthesia and Pain

Management and the breach of this duty was a direct and proximate cause of his death and harm which would not otherwise have occurred.

## VICARIOUS LIABILITY AND
## ACTS OF NEGLIGENCE ALLEGED AGAINST
## PARKWAY REGIONAL HOSPITAL

30. On May 1, 2009, there existed a hospital-patient relationship between Parkway Regional Hospital and Charles Harold Curtis, Jr.

31. Parkway Regional Hospital employed various employees and/or actual or apparent agents who rendered care to Mr. Curtis on May 1, 2009 all of whom were acting within the course and scope of their employment or agency (actual or apparent), at the time of their care and treatment of Mr. Curtis.

32. The Defendant Parkway Regional Hospital is vicariously liable under the laws of agency and respondeat superior for the acts and omission of its agents, members and/or employees either actual or apparent for any negligent medical care and treatment by actual or apparent agents and/or employees of Parkway Regional Hospital and is liable for any negligent acts and/or omissions of any actual or apparent agents and/or employees of Parkway Regional Hospital. Any negligence of any of the employees and/or actual or apparent agents of Parkway Regional Hospital is, as a matter of law, imputed to Parkway Regional Hospital.

33. All the nurses, technicians, anesthesia personnel including Leonard Hohlbein, individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, Defendant Parkway Anesthesia and Pain Management, and other medical personnel who provided care for Charles Harold Curtis, Jr., at Parkway Regional Hospital were selected by Parkway Regional Hospital or by its agents.

34.    All the nurses, technicians, anesthesia personnel, Leonard Hohlbein, individually, and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, Defendant Parkway Anesthesia and Pain Management, and other medical personnel who provided care for Mr. Curtis were either employees or agents of Parkway Regional Hospital.

35. Charles Harold Curtis, Jr., reasonably believed that all the nurses, technicians, anesthesia personnel, Leonard Hohlbein, individually and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, Defendant Parkway Anesthesia and Pain Management, and other medical personnel who provided any care for him were employees or agents of Parkway Regional Hospital.

36.    Each employee, agent, or apparent agent of Parkway Regional Hospital who provided care for Charles Harold Curtis, Jr., was acting within the course and scope of his/her employment or agency for him and on behalf of Parkway Regional Hospital at any and all times care was provided.

37.    Acting through its employees and/or actual or apparent agents, Parkway Regional Hospital was negligent in failing to observe the recognized standards of acceptable professional practice required and expected in respect to the care of Charles Harold Curtis, Jr., on May 1, 2009.   Without limiting this general allegation of negligence, Parkway Regional Hospital was negligent further in the following ways:

a.    negligently did not provide appropriate and reasonable medical care to Mr. Curtis;

b.    failed to obtain informed consent from Mr. Curtis with regard to anesthesia;

15

c.     negligently did not observe the recognized standards of acceptable professional practice required and expected;

d.     negligently mismanaged and/or caused the mismanagement of Mr. Curtis;

e.     negligently did not properly assess and monitor the true physical and medical condition of Mr. Curtis;

f.     negligently failed to consider whether Diprivan is contraindicated for a patient with a known history of sleep apnea;

g.     negligently used Diprivan as a sedative for Mr. Curtis;

h.     negligently failed to appreciate that an airway for Mr. Curtis would need to be maintained by a means other than nasal cannula and/or that Mr. Curtis would need to remain awake during the procedure because of his inability to be intubated and because of his sleep apnea;

i.     negligently did not have proper supervision for the anesthetist under the circumstances and negligently allowed the anesthetist to work alone; and

j.     negligently did not require the anesthetist to be supervised.

38. Parkway Regional Hospital undertook treatment of Charles Harold Curtis, Jr., and owed Mr. Curtis a duty to exercise appropriate care to provide for Mr. Curtis's well-being and to promote his cure while Mr. Curtis was a patient in the hospital. Parkway Regional Hospital breached that duty while Mr. Curtis was a patient and the breach of this duty was a direct and proximate cause of his death which would not otherwise have occurred.

## RES IPSA LOQUITOR

39.  The Plaintiffs allege the application of res ipsa loquitor.  The Defendants had full control of the instrumentality which caused the death of Mr. Curtis, his death could not have happened if those in control of the instrumentality had not been negligent, and the death of Mr. Curtis resulted from those actions.

## LOSS OF CONSORTIUM BY WIFE KIMBERLY CURTIS

40.  The Plaintiff Kimberly Curtis individually makes a claim for loss of consortium for the right to the services, assistance, aid, society, companionship and conjugal relationship

## LOSS OF CONSORTIUM BY DAUGHTER JESSICA K. CURTIS

41.  Jessica K. Curtis, daughter of Charles Harold Curtis, Jr., individually makes a claim for the loss of consortium for the loss of her father, his companionship, love and affection,  nurture, and protection.  Jessica K. Curtis was 21 years old when her father died.

## LOSS OF CONSORTIUM BY SON SAMUEL C. CURTIS

42.  Samuel C. Curtis, son of Charles Harold Curtis, Jr., individually makes a claim for the loss of consortium for the loss of his father, his companionship, love and affection,  nurture, and protection. Samuel C. Curtis was 17 when his father died.

## PUNITIVE DAMAGES

43.  Plaintiff Kimberly Curtis as representative of the Estate of Charles Harold Curtis, Jr., incorporates each and every allegation contained in all of the above paragraphs of this Complaint as if set forth in full herein.

44.    Actions and inactions by the Defendant Leonard Hohlbein, individually and Leonard Hohlbein doing business as Parkway Anesthesia and Pain Management, Defendant Parkway Anesthesia and Pain Management, and Parkway Regional Hospital, led to the harm of the Plaintiff's decedent Mr. Curtis. Actions by these Defendants were grossly negligent and render these Defendants liable for punitive damages. Williams v. Wilson, 972 S.W.2d 260 (Ky. 1998).

## DAMAGES

45.    As a direct and proximate result of the negligence of the Defendants, their agents, servants and employees, the Plaintiffs have been damaged as follows:

    a.  The death of the Plaintiff's decedent Mr. Curtis;

    b.  The pecuniary value of the life of Plaintiff's decedent Mr. Curtis;

    c.  Physical and mental pain and suffering sustained by Plaintiff's decedent Mr. Curtis, from the time of injury until the time of death;

    d.  For all other damages allowable under the laws of the Commonwealth of Kentucky;

    e. Punitive damages as set forth above; and

    f. Loss of consortium as set forth above.

46.    Plaintiff demands a jury to try the issues.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kimberly Curtis, individually and as Personal Representative of the Estate of Charles Harold Curtis, Jr.,

Deceased, Jessica K. Curtis, individually, and Samuel C. Curtis, individually, pray for a judgment against Defendants in a reasonable amount to be determined by a jury plus pre-judgment interest, discretionary costs and all other allowable costs.

Respectfully submitted,

BY: _____

Harold T. Hurt (# 34900)
Hurt Jones & Bolin, PLC
314 Main Street
Murray, KY 42071-0007


Gary K. Smith (#8124 Tennessee)
Apperson Crump PLC
6070 Poplar Avenue, Sixth Floor
Memphis, Tennessee  38119
(901) 756-6300 - Phone
(901) 757-1296 – Facsimile
*Pending Pro Hac Vice*

19