IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY AT PADUCAH

KIMBERLY CURTIS, individually, and as
Personal Representative of the Estate
of CHARLES HAROLD CURTIS, JR.,
Deceased,
JESSICA K. CURTIS, individually, and
SAMUEL C. CURTIS, individually

      Plaintiffs

vs.         Civil Action No. 5:10CV-85-R

LEONARD HOHLBEIN, individually, and
LEONARD HOHLBEIN d/b/a as
PARKWAY ANESTHESIA AND PAIN
MANAGEMENT,
PARKWAY ANESTHESIA AND PAIN
MANAGEMENT, and
HOSPITAL OF FULTON, INC. d/b/a
PARKWAY REGIONAL HOSPITAL,

      Defendants.

## ANSWER

Comes the Defendant, Hospital of Fulton, Inc. d/b/a Parkway Regional Hospital, by counsel, and for its Answer to the Plaintiffs' Complaint states as follows:

1. That it admits that Hospital of Fulton, Inc. is a Kentucky corporation which does business as Parkway Regional Hospital at 2000 Holiday Lane, Fulton, Fulton County, Kentucky 42041 for which CSC-Lawyers Incorporation Service Company is the registered agent for service of process;

2. That it admits that Leonard Hohlbein, CRNA is a Certified Registered Nurse Anesthetist who is licensed in the Commonwealth of Kentucky, provides anesthesia care at Parkway Regional Hospital, and is affiliated with Parkway Anesthesia and Pain Management;

3. That it admits that on or about May 1, 2009 Charles Harold Curtis, Jr. underwent an outpatient colonoscopy performed by Alan Gooch, M.D. at Parkway Regional Hospital during which Leonard Hohlbein, CRNA provided anesthesia care;

4. That it admits that Parkway Regional Hospital employs people, some of whom provided care to Charles Harold Curtis, Jr. on May 1, 2009;

5. That this corporate Defendant is without sufficient knowledge, information and/or qualification to form a belief as to the truth or falsity of the allegations contained in Paragraph Nos. 1, 2, 3, 14, 19, 20, 21, 23(a-o), 28(a-o), and 29 of the Plaintiffs' Complaint and therefore must deny same;

6. That with respect to Paragraph Nos. 15, 16, 17, and 18 of the Plaintiffs' Complaint, this Defendant admits that the medical records concerning Charles Harold Curtis, Jr. speak for themselves and, to the extent the allegations contained in these paragraphs are inconsistent with or contradict said medical records, all such allegations are denied;

7. That the Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted against it;

8. That the Plaintiffs' Complaint is barred by the applicable statute of limitations;

9. That the injuries and/or damages, if any, complained of by the Plaintiffs may have been caused and/or contributed to by Charles Harold Curtis. Jr.'s own negligence but for which

said injuries and/or damages, if any, would not have occurred and, therefore, this Defendant reserves the right to plead same as a complete bar to any recovery by the Plaintiffs herein;

10. That the injuries and/or damages, if any, complained of by the Plaintiffs were and are the result of acts or omissions by third parties not within the control or supervision of this Defendant and, therefore, Defendant pleads same as a complete bar to any recovery by the Plaintiffs herein;

11. That the injuries and/or damages, if any, complained of by the Plaintiffs were and are the direct and proximate result of a superseding and intervening cause or causes not under the control of this Defendant and, therefore, Defendant pleads same as a complete bar to any recovery by the Plaintiffs herein;

12. That this Defendant affirmatively pleads lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and failure to join a party necessary for just adjudication under Civil Rule 19 and further pleads all affirmative defenses in accordance with Rule 8(c) of the Federal Rules of Civil Procedure and further reserves any and all other defenses which may constitute an affirmative defense as discovery is completed;

13. In defense of Plaintiffs' claims for punitive damages, this Defendant hereby incorporates by reference the terms and provisions of KRS 411.184 and 411.186, as well as the applicable terms, provisions, and protection afforded by the Constitution to the United States and the Commonwealth of Kentucky;

14. That this Defendant is entitled to a credit and/or set-off for any payments made by any party, person, or entity for any damages claimed by the Plaintiffs;

15. That any allegation contained in the Plaintiffs' Complaint not specifically admitted or otherwise mentioned above is hereby denied.

WHEREFORE, Hospital of Fulton, Inc. d/b/a Parkway Regional Hospital, hereby respectfully demands as follows:

a. Judgment dismissing the Complaint of the Plaintiffs against it;

b. Its costs expended herein;

c. Trial by jury; and,

d. Any and all other relief to which it may appear entitled.

Respectfully submitted,

//s// Martin A. Arnett
Martin A. Arnett
PHILLIPS PARKER ORBERSON & ARNETT, PLC
716 West Main Street, Suite 300
Louisville, Kentucky 40202
(502) 583-9900
Counsel for Defendant, Hospital of Fulton, Inc.
d/b/a Parkway Regional Hospital

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was served this 19th day of May, 2010, via U.S. Mail, postage prepaid, to:

Harold T. Hurt, Esq. (#34900)
Hurt Jones & Bolin, PLC
314 Main Street
Murray, Kentucky 42071-0007
Co-Counsel for Plaintiffs

Gary K. Smith, Esq. (#8124 Tennessee)
Apperson Crump PLC
6070 Poplar Avenue, Sixth Floor
Memphis, Tennessee 38119
Co-Counsel for Plaintiffs

Richard L. Walter, Esq.
Boehl Stopher & Graves
410 Broadway Street
Paducah, Kentucky 42001
Counsel for Defendants, Leonard Hohlbein,
Individually, and Leonard Hohlbein d/b/a
Parkway Anesthesia and Pain Management
and Parkway Anesthesia

    //s// Martin A. Arnett
    Martin A. Arnett